# IN THE COURT OF APPEALS OF IOWA

No. 20-1500
Filed May 12, 2021

**IN THE INTEREST OF T.M.,**
**Minor Child,**

**O.M., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

　　Teresa M. Pope of Branstad & Olson Law Office, Des Moines, for appellant mother.

　　Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

　　Erin Mayfield of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

　　Considered by May, P.J., Greer, J., and Carr, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to six-year-old T.M., the youngest of her six children. The juvenile court adjudicated T.M. and his siblings as children in need of assistance (CINA) in 2018 due to the mother's substance use and her physical abuse of one of the children. This is the third CINA proceeding involving one or more of the mother's children since 2002.

The CINA case ended for the oldest child when she turned eighteen in 2020. Of the five children who remained under the jurisdiction of the juvenile court, all but T.M. share the same father. The juvenile court placed those four children in the care of their father and eventually entered a bridge order granting the father sole custody.

In March 2020, the State petitioned to terminate the mother's parental rights to T.M. under Iowa Code section 232.116(1)(f) and (*l*) (2020).[1] The court terminated the mother's parental rights on both grounds based on her long history of substance use and her continued use in spite of extensive services offered to address the issue. It found termination is in the child's best interests given the mother's inability or unwillingness to make the necessary changes and her lack of insight into and refusal to accept responsibility for the reasons her children were involved in juvenile court proceedings. Finally, the court declined to apply the provisions of section 232.116(3) to avoid termination.

Rather than challenging the grounds for termination, the mother contends termination is contrary to the child's best interests as set forth in Iowa Code section

---

[1] The State amended the petition to include termination of the father's parental rights but later dismissed the petition as it related to the father.

232.116(2). She also seeks to avoid termination on the grounds set forth in Iowa Code section 232.116(3). We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

We begin with the best-interests analysis. In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests determination are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

In arguing that termination is not in the child's best interests, the mother cites her relationship with the child. But a parent-child bond is not always healthy. The mother has a long history of substance use, and her use is ongoing. As a result, the mother was arrested in January 2018, April 2018, January 2019, April 2019, and May 2020 on charges of operating while intoxicated or public intoxication. The mother has been offered services to address her substance use but is either unwilling or unable to address it despite the ramifications. The mother's ongoing substance use presents a safety concern because it impedes her ability to care for the child. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting that "an unresolved, severe, and chronic drug addiction can render a parent unfit").

The mother also cites the child's relationship with his siblings, noting that her parental rights to her other children remain intact and implying that terminating her parental rights to T.M. will prevent contact with his siblings. But the other

children are in the custody of their father, not the mother. And the record indicates that both the siblings' father and T.M.'s father support the relationship between the children and intend to continue their interactions. Terminating the mother's parental rights will not sever the sibling bond.

We turn then to the mother's argument regarding Iowa Code section 232.116(3), which allows the court to decline termination in certain situations. The decision to preserve parental rights under section 232.116(3) is permissive, not mandatory, and depends on the facts of each case. *See A.S.*, 906 N.W.2d at 475. One scenario in which the court may decline to terminate parental rights is when "[a] relative has legal custody of the child." Iowa Code § 232.116(3)(a). But if termination is appropriate, that decision "is not to be countermanded by the ability and willingness of a family relative to take the child." *A.S.*, 906 N.W.2d at 475 (citation omitted).

The mother argues termination is unnecessary because the Iowa Department of Human Services recommended placing T.M. in a long-term guardianship with his paternal grandmother in St. Louis. But, in declining to preserve the parent-child relationship under section 232.116(3)(a), the juvenile court expressed concern that the mother will try to disrupt T.M.'s placement until he turns eighteen if her parental rights remain intact. This finding is supported by the mother's behavior during the CINA proceeding and the termination hearing. Continued disruption will interfere with the child's sense of permanency and stability.

The mother also seeks to avoid termination by claiming "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the

time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We disagree. The child was removed from the mother's care in April 2018 when he was three years old. The child is now six. Given the amount of time the child has already been out of the mother's care, there is no basis for finding the parent-child relationship is so strong as to preclude termination of her parental rights. Instead, the record shows termination is in the child's best interests. We therefore affirm.

**AFFIRMED.**